LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Paul R. Kiesel, State Bar No. 119854
*kiesel@kiesel.law*
Bryan Garcia, State Bar No. 216904
*garcia@kiesel.law*
Ashley Conlogue, State Bar No. 292083
*conlogue@kiesel.law*
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel: 310-854-4444
Fax: 310-854-0812

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO VILLANUEVA and HORTENCIA SAINZ, individually and as successor in interest to Pedro Villanueva, deceased, and FRANCISCO OROZCO, individually,<br><br>Plaintiffs,<br>vs.<br><br>STATE OF CALIFORNIA; JOHN CLEVELAND; RICH HENDERSON; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:17−cv−01302 JLS (KESx)<br><br>*Assigned to the Honorable District Court Judge Josephine L. Staton*<br><br>**SUPPLEMENTAL SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOLLOWING THE AUGUST 6, 2018 DEPOSITION OF DEFENDANTS' POLICE PRACTICES EXPERT CLARENCE CHAPMAN**<br><br>Date: September 7, 2018<br>Time: 2:30 p.m. |

Pursuant to Local Rule 56-2, Plaintiffs Francisco Orozco, Hortencia Sainz, and Armando Villanueva respectfully submit the instant Supplemental Separate Statement of Plaintiffs' Additional Material Facts following their recent receipt of the transcript of the August 6, 2018 deposition of Defendants' police practices expert Clarence Chapman. Under Federal Rules of Civil Procedure, Rule 56(d)—When Facts Are Unavailable to the Nonmovant—If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Plaintiffs are filing the relevant pages of the transcript of the deposition of Clarence Chapman concurrently herewith as "Exhibit 12" to the supplemental declaration of Renee V. Masongsong, also filed concurrently herewith.

DATED: August 14, 2018                LAW OFFICES OF DALE K. GALIPO

                                      By:    */s/ Renee V. Masongsong*
                                             Dale K. Galipo
                                             Renee V. Masongsong
                                             *Attorneys for Plaintiff Francisco Orozco*

DATED: August 14, 2018                KIESEL LAW LLP

                                      By:    */s/ Bryan Garcia*
                                             Paul R. Kiesel
                                             Bryan Garcia
                                             *Attorneys for Plaintiffs Hortencia Sainz and Armando Villanueva*

# SUPPLEMENTAL SEPARATE STATEMENT IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, FOLLOWING THE AUGUST 6, 2018 DEPOSITION OF DEFENDANTS' POLICE PRACTICES EXPERT CLARENCE CHAPMAN

| No. | Plaintiffs' Additional Material Fact | Supporting Evidence |
|---|---|---|
| 231. | Defendants' police practices expert Clarence Chapman agrees that the use of firearms against moving motor vehicles is inherently dangerous and almost always ineffective. | Transcript of August 6, 2018 Deposition of Defendants' police practices expert Clarence Chapman, attached to the Supplemental Declaration of Renee V. Masongsong filed concurrently herewith as "Exhibit 12" ("Chapman Depo.") at 17:3-7 |
| 232. | Mr. Chapman agrees that a police officer who is threatened by an oncoming vehicle shall move out of its path instead of discharging a firearm at it or its occupants, allow the vehicle to pass, and utilize other tactical or investigative means to apprehend the suspect. | Exhibit 12 (Chapman Depo.) at 18:21-20:7, 20:16-21:3. |
| 233. | Mr. Chapman agrees that Peace Officer Standards and Training ("POST") and basic police training teach that deadly force can | Exhibit 12 (Chapman Depo.) at 21:19-22:10. |

| | | | |
|---|---|---|---|
| 1<br>2<br>3 | | only be used as a last resort, in the direst of circumstances, when no reasonable alternatives are available. | |
| 4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | 234. | According to Mr. Chapman, police officers are trained to step out of the way rather than shooting at a moving motor vehicle. Along these lines, Mr. Chapman recalls that Sgt. Cleveland testified that he felt the quickest way for him to get out of the Silverado was to go to the west curb, and that Sgt. Cleveland was able to get to the west curb within a couple seconds. | (Exhibit 12 (Chapman Depo.) at 22:14-22, 72:13-18 and 72:19-73:1. |
| 13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23 | 235. | Mr. Chapman agrees that shooting at the driver of a moving motor vehicle carries the potential of incapacitating the driver, and anything that happens past that incapacitation is accidental and unintentional on the part of the driver. Along these lines, Mr. Chapman considered that Pedro Villanueva (the driver of the Silverado) may have been incapacitated by the shots while he was operating the Silverado. | Exhibit 12 (Chapman Depo.) at 81:22-82:6, 82:23-25 and 84:3-11, 85:3-8. |
| 24<br>25<br>26 | 236. | According to Mr. Chapman, a subjective fear is insufficient to justify the use of deadly force. | Exhibit 12 (Chapman Depo.) at 23:10-17. |

| | | | |
|---|---|---|---|
| 1<br>2<br>3 | 237. | According to Mr. Chapman, an overreaction in using deadly force is considered excessive force. | Exhibit 12 (Chapman Depo.) at 23:18-24:6. |
| 4<br>5<br>6<br>7<br>8<br>9 | 238. | According to Mr. Chapman, police officers are trained that they cannot shoot at a vehicle for fleeing. Also according to Mr. Chapman, under the facts of this case, the defendant officers could not shoot at the Silverado or its occupants for fleeing. | Exhibit 12 (Chapman Depo.) at 24:23-26:4, 39:25-40:10. |
| 10<br>11<br>12<br>13 | 239. | Mr. Chapman testified at his deposition that the California Highway Patrol ("CHP") policy specifically states that thou shalt not shoot at fleeing vehicles. | Exhibit 12 (Chapman Depo.) at 40:7-10. |
| 14<br>15<br>16<br>17<br>18<br>19<br>20<br>21 | 240. | According to Mr. Chapman, police officers are trained that in order to justify shooting at a moving vehicle, there would need to be an immediate threat of death or serious bodily injury and no reasonable alternative such as stepping out of the vehicle's path. Mr. Chapman's understanding is that the CHP policy is consistent with this training. | Exhibit 12 (Chapman Depo.) at 89:8-12 and 29:23-30:25. |
| 22<br>23<br>24<br>25 | 241. | Mr. Chapman agrees that there was enough room between the west curb and the undercover CHP vehicle for the Silverado to pass by the CHP vehicle without striking it. | Exhibit 12 (Chapman Depo.) at 61:17-62:7. |
| 26<br>27 | 242. | Mr. Chapman testified at his deposition that under the facts of this case, if Sgt. | Exhibit 12 (Chapman Depo.) at 77:9-78:23, 88:1- |

| | | | |
|---|---|---|---|
| | | Cleveland were not about to be struck by the Silverado and Sgt. Cleveland was able to get out of the path of the Silverado, then it was inappropriate for Sgt. Cleveland to shoot. | 89:12, 97:16-98:12, 102:8-12, 102:19-25. |
| | 243. | According to Mr. Chapman, if an officer can get out of the path of a moving motor vehicle, then the officer should not shoot. | Exhibit 12 (Chapman Depo.) at 101:23-102:25. |
| | 244. | Mr. Chapman agrees that Sgt. Cleveland was to the passenger side of the Silverado when he fired his two shots. | Exhibit 12 (Chapman Depo.) at 80:6-10. |
| | 245. | According to Mr. Chapman, if an officer is standing to the side of a vehicle where he can see a passenger in the front seat, then that means that the vehicle is beyond the officer and is not threatening the officer. | Exhibit 12 (Chapman Depo.) at 98:8-12. |
| | 246. | Mr. Chapman also testified that when Sgt. Cleveland was moving to the west curb, the Silverado was moving in the opposite direction, away from Sgt. Cleveland. | Exhibit 12 (Chapman Depo.) at 86:20-87:7, 87:17-25. |
| | 247. | According to Clarence Chapman, the ultimate issue in this case—whether Sgt. Cleveland was in an immediate defense of life situation at the time of the shots—is a question for the trier of fact. | Exhibit 12 (Chapman Depo.) at 100:22-101:5. |