XAVIER BECERRA
Attorney General of California
JOEL A. DAVIS
Supervising Deputy Attorney General
DONNA M. DEAN
Deputy Attorney General
State Bar No. 187104
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
Telephone:  (213) 269-6509
Fax:  (213) 897-2810
E-mail:  Donna.Dean@doj.ca.gov
*Attorneys for Defendants*
*State of California, Jon Cleveland and*
*Richard Henderson*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARMANDO VILLANUEVA AND HORTENCIA SAINZ, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO PEDRO VILLANUEVA, DECEASED, AND FRANCISCO OROZCO, INDIVIDUALLY,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**STATE OF CALIFORNIA; JOHN CLEVELAND; RICH HENDERSON; AND DOES 1-10, INCLUSIVE,**<br><br>Defendants. | 8:17-cv-01302-JLS-KES<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE IMPROPER SPECULATION REGARDING BULLET TRAJECTORIES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DONNA M. DEAN IN SUPPORT THEREOF**<br><br>Pretrial Conference: March 22, 2019<br>Time:            10:30 a.m.<br>Courtroom:   10-A<br><br>Hon. Josephine L. Staton<br><br>Trial Date:  Not set<br>Action Filed:  June 26, 2017 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT that prior to the trial in the above-entitled

action, at the pretrial conference on March 22, 2019, at 10:30 a.m. or as soon

thereafter as counsel may be heard in in Courtroom 10-A of the United States

1    District Court located 411 West 4th Street, Santa Ana, California, Defendants State

2    of California, Jon Cleveland (Sergeant Cleveland) and Richard Henderson (Officer

3    Henderson) will and hereby do move the Court for an order in limine excluding

4    speculative evidence, testimony, or questioning of witnesses regarding the possible

5    trajectory of bullets through the driver's side window of the decedent's vehicle.

6    The driver's side window was knocked out to extricate decedent from the locked

7    vehicle; thus, there is no evidence that there were any bullet holes through the

8    driver's side window.  Any opinions on this topic are speculative and improper, and

9    are more prejudicial than probative due to the implication that evidence was

10   destroyed by defendants.

11          This motion is based on Federal Rules of Evidence 401, 403, 702, 703, and

12   704, on the grounds that such speculation is improper and substantially more

13   prejudicial than probative.  As such, it would mislead and unfairly prejudice the

14   jury.

15          This motion is and will be based upon this notice of motion, the attached

16   memorandum of points and authorities, the accompanying declaration of Donna M.

17   Dean, all pleadings and records on file in this action, and on such further authority,

18   evidence, or argument as may be presented at or before the time of any hearing on

19   this motion.

20          This Motion is made following a conference of counsel pursuant to L.R. 7-3

21   and L.R. 16-2.6, which took place on February 7, 2019.

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1   Dated: February 21, 2019                    Respectfully submitted,

2                                               XAVIER BECERRA
                                                Attorney General of California
3                                               JOEL A. DAVIS
                                                Supervising Deputy Attorney General
4

5                                               /s/ Donna M. Dean
                                                DONNA M. DEAN
6                                               Deputy Attorney General
                                                *Attorneys for Defendants*
7                                               *State of California, Jon Cleveland*
                                                *and Richard Henderson*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      **MEMORANDUM OF POINTS AND AUTHORITIES**
2      **INTRODUCTION**

3      This lawsuit arises out of the shooting of Decedent Pedro Villanueva and
4      Plaintiff Francisco Orozco by California Highway Patrol (CHP) Sergeant Jon
5      Cleveland and CHP Officer Richard Henderson. The central issue in this case is
6      whether Sergeant Cleveland and Officer Henderson were justified in using deadly
7      force when Villanueva drove his pickup truck directly at Sergeant Cleveland.
8      Orozco was a passenger in the truck driven by Villanueva.

9      Officer Henderson fired twelve shots from his firearm during the incident.
10     Plaintiffs' ballistics expert identified eleven bullet holes in the pickup truck that he
11     opined were fired from Officer Henderson's firearm, but he could not match the
12     twelfth bullet to any bullet hole in the truck. Dean Decl., ¶ 2, Ex. A. After the
13     shooting, other officers knocked out the driver's side window of the truck to gain
14     access to the locked cab to extricate Villanueva. *Id.*, ¶ 4, Ex. C. Plaintiffs'
15     ballistics expert stated that he could not opine as to whether the twelfth bullet was
16     fired through the driver's side window. *Id.*, ¶ 2, Ex. A. Plaintiffs' counsel asked
17     defendants' ballistics expert about this topic at deposition and commented that the
18     evidence had been destroyed. *Id.*, ¶ 3, Ex. B. There is no evidence that Officer
19     Henderson fired a shot through the driver's side window of Villanueva's truck – the
20     other bullet could have missed the truck entirely. Accordingly, any opinion on this
21     topic is speculative. Moreover, any such evidence or questioning is prejudicial to
22     defendants because the jury may be misled to think that defendants destroyed
23     evidence.

24     Accordingly, defendants move to exclude any testimony, questioning, or
25     evidence regarding whether any shots were fired through the driver's side window
26     of decedent's truck on the grounds that it is based on speculation, is improper
27     opinion testimony and is unduly prejudicial and confusing.
28     //

## ARGUMENT

I. **THE COURT HAS THE POWER TO GRANT THIS MOTION IN LIMINE BASED UPON ITS INHERENT POWER TO MANAGE THE COURSE OF TRIALS**

Motions in limine are recognized as a proper pretrial request, both in practice and by case law. *See, Ohler v. United States,* 529 U.S. 753, 758 (2000); and *United States v. Cook,* 608 F.2d 1175, 1186 (9th Cir. 1979). Authority for these motions is also derived from the Court's inherent power to manage the course of trials. *See, Luce v. United States,* 469 U.S. 38, 41 (1984). Pursuant to the arguments set forth below, defendants request that this Court grant their motion and exclude the evidence at issue.

II. **PLAINTIFFS' SPECULATION REGARDING THE BULLET TRAJECTORY SHOULD BE EXCLUDED**

Case law is clear that an expert may not base his or her opinion on speculation or conjecture. *Riegel v. Medtronic, Inc.*, 451 F.3d 104 (2d Cir. 2006), aff'd, 128 S. Ct. 999, 169 L. Ed. 2d 892 (2008) (expert's opinion was properly excluded as speculative and unreliable); Tunnell v. Ford Motor Co., 245 Fed. Appx. 283, 285-287 (4th Cir. 2007), cert. denied, 128 S. Ct. 1447, 170 L. Ed. 2d 276 (2008) (unpublished decision) (trial court properly struck an expert opinion which was speculative, based upon untested methodology, and insufficiently certain); *Hathaway v. Bazany*, 507 F.3d 312, 317-319 (5th Cir. 2007) (proposed expert's testimony was speculative and unreliable under *Daubert* and thus, it was properly excluded); *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429-436 (6th Cir. 2007) (expert opinion was properly excluded because the expert was not sufficiently qualified to provide an opinion on the subject matter at issue and the opinion was based upon speculative and unreliable methodology); and *Smith v. Sears Roebuck and Co.*, 232 Fed. Appx. 780, 783 (10th Cir. 2007) (unpublished decision) (expert's opinion was speculative and unreliable because: he did not support his theories with studies; he did not account for contradictory facts that were in evidence; and he failed to rule out possible alternative theories).

1       Plaintiffs' ballistics expert, David Balash, testified at his deposition that he has

2 "an estimate in [his] mind" but has "no way of saying for a fact" that the

3 unaccounted for twelfth bullet was fired through the driver's side window.  Dean

4 Decl., ¶ 2, Ex. A.  He further testified, "I have no way of knowing where the

5 twelfth bullet struck."  *Id.*

6       Plaintiffs' counsel questioned defendants' ballistics expert about the

7 possibility that shots were fired through the driver's side window as follows:

8       Q. ... there could have been some shots through that window. We don't

9       know because once the window was knocked out, that piece of evidence

10       was -- was lost?

11       A. Yes, sir.

12 Dean Decl., ¶ 3, Ex. B.  Because any opinion regarding whether Officer

13 Henderson's twelfth bullet went through the driver's side window of Villanueva's

14 truck is speculative, plaintiffs should be precluded from offering any such

15 testimony or questioning witnesses on this topic.

16 **III.  THE IMPROPER OPINION TESTIMONY IS MORE PREJUDICIAL THAN**

17       **PROBATIVE**

18       Even if opinion testimony meets the Rule 702 requirements, the testimony still

19 may be excludable under Federal Rule of Evidence 403, "if its probative value is

20 substantially outweighed by a danger of ... unfair prejudice ..."  In this case,

21 officers other than defendants knocked out the driver's side window of the locked

22 truck to extricate Villanueva to provide medical care to him.  Dean Decl., ¶ 4, Ex.

23 C.  Speculative opinion testimony and questioning of witnesses as to whether

24 Officer Henderson fired a bullet through the driver's side window of Villanueva's

25 truck would be unduly prejudicial because the jury may be misled or confused into

26 thinking that defendants destroyed evidence.  Accordingly, such opinions and

27 questioning should be excluded because they are more prejudicial than probative.

28 //

1

## CONCLUSION

2      Based on the foregoing, defendants respectfully request that the court exclude

3   any testimony, evidence, or questioning of witnesses on the topic of whether any

4   bullets entered the driver's side window of Villanueva's vehicle.

5

6   Dated: February 21, 2019                    Respectfully Submitted,

7                                               XAVIER BECERRA
                                                Attorney General of California
8                                               JOEL A. DAVIS
                                                Supervising Deputy Attorney General
9

10

11                                              /s/ Donna M. Dean

12                                              DONNA M. DEAN
                                                Deputy Attorney General
13                                              *Attorneys for Defendants*
                                                *State of California, Jon Cleveland*
14                                              *and Richard Henderson*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1

## DECLARATION OF DONNA M. DEAN

2    I, Donna M. Dean, declare as follows:

3    1.    I am a duly appointed Deputy Attorney General and am assigned to

4 represent defendants in the above-captioned action.  The facts set forth herein are

5 within my personal knowledge.

6    2.    Attached hereto as Exhibit A are true and correct copies of relevant

7 excerpts from the deposition of David Balash taken on August 21, 2018.

8    3.    Attached hereto as Exhibit B are true and correct copies of relevant

9 excerpts from the deposition of Rocky Edwards taken on August 24, 2018.

10    4.    Attached hereto as Exhibit C are true and correct copies of relevant

11 excerpts from the deposition of Sgt. R. Zavala taken on June 27, 2018.

12    I declare under penalty of perjury under the laws of the United States of

13 America that the foregoing is true and correct.

14    Executed on February 21, 2019, at Los Angeles, California.

15

16                                          /s/ Donna M. Dean
                                            Donna M. Dean

17

18

19   LA2017506261
     53229591.docx

20

21

22

23

24

25

26

27

28

5

EXHIBIT "A"

```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE CENTRAL DISTRICT OF CALIFORNIA

 3

 4   ARMANDO VILLANUEVA AND      )

 5   HORTENCIA SAINZ,            )

     INDIVIDUALLY AND AS         )

 6   SUCCESSOR IN INTEREST TO    )

     PEDRO VILLANUEVA, DECEASED,)

 7   AND FRANCISCO OROZCO,       )

     INDIVIDUALLY,               )

 8                               )

                 Plaintiffs,     )

 9                               )

        vs.                      )   Case No. 8:17-cv-01302 JLS

10                               )            (KESx)

     STATE OF CALIFORNIA; JOHN   )

11   CLEVELAND; RICH HENDERSON;  )

     AND DOES 1-10, INCLUSIVE,   )

12                               )

                 Defendants.     )

13   _____)

14

15            DEPOSITION OF DAVID E. BALASH

16               Los Angeles, California

17             Tuesday, August 21, 2018

18

19

20        REPORTED BY:  Dayna Michelle Glaysher

               CSR No. 13079

               RPR, CRR No. 28081

21

22

23

24

25
```

Page 1

1    that it came from Sergeant Cleveland's weapon?

2         A.   I would agree with that.

3         Q.   Okay.  And then the final part of your section on

4    comments and observations, you noted -- you say, "The

5    undersigned noted 6 bullet strikes to the driver's side

6    of the windshield and 5 bullet strikes to the

7    hood/fender on the driver's side of the pickup truck

8    which would account for 11 of the 12 shots reportedly

9    fired by Officer Henderson."

10             And do you know where the 12th bullet landed

11   or ended up?  You've accounted --

12        A.   I have an estimate in my mind what I think it is.

13   But I have no way of saying for a fact that it is that.

14   I suspect the 12th one may well have been the wound to

15   Mr. Villanueva's head.  But I don't know that for a

16   fact.  And I cannot state that I think it would've come

17   through.

18             It certainly has the ability -- the window

19   was taken out for whatever reasons by force, and

20   therefore any evidentiary value of a bullet strike

21   through that window prior to it being taken out was also

22   removed.  So I don't know that.

23             I have no way of knowing where the 12th

24   bullet struck.  And it doesn't seem like they made a

25   great deal of effort from an investigatory standpoint to

Page 103

1    find out where the 12th bullet went either.

2       Q.   Okay.   Are you intending to testify to that at

3    trial?

4       A.   I don't think I'll be asked that, no.   Unless

5    somebody asks me my opinion where I think it came from

6    and how do I come to that opinion.   But it's -- it's

7    hard to explain the wound that Mr. Villanueva's head --

8    coming and it's coming from Officer Henderson's gun.   We

9    know that, according to the laboratory.

10            So therefore how do we get that wound going

11   from back to front?   You have to position his head.   And

12   a way to do that is very difficult to get it with the

13   back of the head toward the front windshield.   It's not

14   as difficult to get the back of his head toward the

15   driver's side door window.

16      Q.   Okay.   And we're talking about gunshot wound

17   No. 1 to Mr. Villanueva, correct?

18      A.   I'm sorry?

19      Q.   We're talking about gunshot wound No. 1 to

20   Mr. Villanueva?

21      A.   Yes, we are.

22      Q.   Okay.   So let me go through your opinions and

23   conclusions section.   And I we know covered probably

24   quite a bit of this already.

25      A.   Yes.

Page 104

1              Certification of Court Reporter

2                     Federal Jurat

3

4        I, the undersigned, a Certified Shorthand

5    Reporter of the State of California do hereby certify:

6          That the foregoing proceedings were taken before

7    me at the time and place herein set forth; that any

8    witnesses in the foregoing proceedings, prior to

9    testifying, were placed under oath; that a verbatim

10   record of the proceedings was made by me using machine

11   shorthand which was thereafter transcribed under my

12   direction; further, that the foregoing is an accurate

13   transcription thereof.

14         That before completion of the deposition, a

15   review of the transcript [X] was [ ] was not requested.

16         I further certify that I am neither financially

17   interested in the action nor a relative or employee of

18   any attorney of any of the parties.

19         IN WITNESS WHEREOF, I have this date subscribed

20   my name:   September 7, 2018.

21

22

23

24         CSR Number 13079

25         RPR, CRR Number 28081

                                         Page 170

EXHIBIT "B"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | | |
|---|---|---|
| ARMANDO VILLANUEVA and | ) | |
| HORTENCIA SAINZ, individually | ) | |
| and as successor in interest to | ) | Case No. 8:17-cv-01302- |
| PEDRO VILLANUEVA, deceased, and | ) | JLS-KES |
| FRANCISCO OROZCO, individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF CALIFORNIA; JOHN | ) | |
| CLEVELAND; RICH HENDERSON; and | ) | |
| DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

VIDEOTAPED DEPOSITION OF ROCKY L. EDWARDS

WOODLAND HILLS, CALIFORNIA

FRIDAY, AUGUST 24, 2018

JULIE SMITH
CSR 13272

1    entries are you referring?

2        A.    Okay.  There's "M" and there's "L" marked on

3    the vehicle.

4        Q.    So as I recall seeing some photographs showing

10:54:43   5    the passenger window of the truck.

6        A.    Uh-huh.

7        Q.    The front passenger window.  I don't know if

8    there's a rear.  I don't think so.

9        A.    I think it's just the front one.

10:54:5    10       Q.    Right.  Front passenger window.  That window

11   was still partially intact?

12       A.    Yes, sir, it was.  They preserved that.

13       Q.    As opposed to the driver's side window that

14   was knocked out completely?

10:55:0    15       A.    Yes, sir.

16       Q.    So what you're saying, in essence, and I think

17   you said earlier, there could have been some shots

18   through that window.  We don't know because once the

19   window was knocked out, that piece of evidence was --

10:55:13   20   was lost?

21       A.    Yes, sir.

22       Q.    Okay.  But what we do know on the passenger

23   side window there were two bullet strikes, the window

24   was partially in tact, and those strikes were marked by

10:55:25   25   "L" and "M"?

30

CERTIFICATE

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify;

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were administered an oath; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ ] was [ ] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee or any attorney or any party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: September 12, 2018

CLAUDIA R. GARCIA, CSR. 12812

Page 77

EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

ARMANDO VILLANUEVA and            )
HORTENCIA SAINZ, individually     )
and as successor in interest to)  Case No.
Pedro Villanueva, deceased, and)
FRANCISCO OROZCO, individually,)  8:17-cv-01302-JLS-KES
                                  )
            Plaintiffs,           )
                                  )
        vs.                       )
                                  )
STATE OF CALIFORNIA; JOHN         )
CLEVELAND; RICH HENDERSON; and )
JOHN DOES 1-10, inclusive,        )
                                  )
            Defendants.           )
_____)


DEPOSITION OF SGT. R. ZAVALA

Taken at:

HOST BUSINESS SERVICES
321 N. Mall Drive, #R201
St. George, Utah 84790

On Wednesday, June 27, 2018
At 10:00 a.m.


Reported by:  Russel D. Morgan, CSR

```
1        A     No.

2        Q     Oh, by the time you pulled them off the detail?

3        A     Correct.

4        Q     All right.  Did you assist, have any involvement

5    in getting the driver out of the vehicle?

6        A     I approached the driver side door with the other

7    officers that were there.  We tried to open the driver side

8    door, but it was locked.  Passenger side door was open.  So,

9    I made my way around to that side and tried to use the door

10   locks to unlock the door.  But they didn't work.  So, they

11   eventually ended up just breaking out the window and taking

12   the driver out.

13       Q     What did you see when you looked inside the

14   vehicle?

15       A     Driver slumped over the wheel or slumped to the

16   side.

17       Q     Did he appear to be alive?

18       A     From my perspective, no.

19       Q     I'm assuming you didn't touch him or see, you

20   know, see if he had a pulse or not?

21       A     I personally did not, no.

22       Q     What other involvement did you have at the scene?

23       A     After that, that was it, pretty much.  Just waited

24   around and waited to be interviewed and then cleared after

25   that.
```

1          Certification of Court Reporter

2                    Federal Jurat

3

4          I, the undersigned, a Certified Shorthand

5     Reporter of the State of California do hereby certify:

6               That the foregoing proceedings were taken before

7     me at the time and place herein set forth; that any

8     witnesses in the foregoing proceedings, prior to

9     testifying, were placed under oath; that a verbatim

10    record of the proceedings was made by me using machine

11    shorthand which was thereafter transcribed under my

12    direction; further, that the foregoing is an accurate

13    transcription thereof.

14              That before completion of the deposition, a

15    review of the transcript [X] was [ ] was not requested.

16              I further certify that I am neither financially

17    interested in the action nor a relative or employee of

18    any attorney of any of the parties.

19              IN WITNESS WHEREOF, I have this date subscribed

20    my name:   September 7, 2018.

21

22

23

24         CSR Number 13079

25         RPR, CRR Number 28081

                                        Page 170